**FILED**
**10/16/2015**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Kevin Wheeler,
Plaintiff,

v.

Scriptfleet, Inc.,
Defendant.

15CV2627
JUDGE WOOD
MAG. JUDGE MARTIN

**RECEIVED**

MAR 2 7 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff Kevin Wheeler, *pro-se*, does hereby allege as follows:

### INTRODUCTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and is brought to remedy violations by Scriptfleet, Inc., (hereafter "Scriptfleet" or "Defendants"), that has deprived the Plaintiff of overtime, other wages, and damages to which he is entitled to recover.

2. Scriptfleet misclassified the Plaintiff as an independent contractor, despite exercising extensive control over the manner in which the Plaintiff conducted his work.

3. Under federal and Illinois law, employees must be paid 1.5 times their regular rate of pay for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

4. Despite these statutory requirements, Scriptfleet required the Plaintiff to work without any overtime pay whatsoever when in fact his duties did not qualify him for exempt status.

5. Scriptfleet also deducted amounts from the Plaintiff's wages for uniforms, equipment and occupational accident insurance that Scriptfleet required the Plaintiff to use in the course of his work for the Defendant.

6. Defendants' acts violated federal and Illinois law. Accordingly, Plaintiff seeks unpaid compensation, an equal amount of liquidated damages, reasonable fees and costs, and all other available and appropriate relief to which he is entitled, including but not limited to reimbursement of mileage, vehicle maintenance, and fuel costs.

7. This Court has subject matter jurisdiction over this action pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1337.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

9. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to claims in this Complaint took place in the Northern District of Illinois.

10. Plaintiff Kevin Wheeler is an individual residing in New Lenox, Illinois, with his wife and two minor children. He worked for Defendants as a driver delivering prescription medications to nursing homes from approximately February 20, 2011 until approximately July 11, 2011.

11. Plaintiff's primary routes included deliveries to East Peoria, Peoria, Canton, Normal, Decatur, Kankakee, Paxton, and Champaign, Illinois.

12. The Plaintiff regularly drove 270-340 miles per day in his own vehicle for the benefit of the Defendant.

13. Plaintiff was paid for his work based a pre-determined route rate set by the Defendants. The Plaintiff could not negotiate the rate of pay. The pay was the same regardless of the time it took him to complete his work. Plaintiff made his deliveries primarily from

Heartland Pharmacy, a closed door pharmacy in Woodridge, Illinois and also from a Provena Pharmacy, a closed door pharmacy in Bourbonnais, Illinois.

14. Throughout this period, Defendants deducted approximately $90 from each of Plaintiff's paychecks for the rental of a scanner, and occupational accident insurance, all of which Defendant's required their drivers to obtain from them and maintain. The Plaintiff typically worked at least one route a day, seven days a week, often in excess of 52 hours a week, but never received overtime pay. The Plaintiff was also required to use his own vehicle, logging, on average, over 2,200 miles per week, without expense reimbursement.

15. Defendant Scriptfleet, Inc. is a corporation organized and existing under the laws of the state of Florida. Its principal office is located in St. Louis, Missouri. It is registered to do business in Illinois and retains a registered agent within Illinois.

16. Scriptfleet, which is subject to FLSA requirements, is an employer within the meaning of the FLSA. Scriptfleet is the employer of Plaintiff in the instant action.

17. At all relevant times, Plaintiff worked as a driver for Scriptfleet.

18. Scriptfleet required Plaintiff and all other drivers, couriers and delivery drivers to sign a contract designating them as independent contractors.

19. While Plaintiff had been designated by Defendants as an independent contractor, Scriptfleet actually controlled and directed the performance of the Plaintiff's work, the Plaintiff's work was within Scriptfleet's usual course of business, and the Plaintiff was not in an independently established trade, occupation, profession or business.

20. Plaintiff was not in business for himself, but rather depended on Scriptfleet's business for the opportunity to render services to the long-term care pharmacies and nursing homes they served.

21. Plaintiff had no opportunity for profit or loss without Scriptfleet. He could not deal directly with the long-term care pharmacies or nursing homes to offer his delivery services. Instead, he had to go through Scriptfleet to provide this service.

22. Scriptfleet's business is to deliver prescriptions from long-term care pharmacies to nursing homes and other long-term care facilities. In order to conduct this business, Scriptfleet engages drivers, couriers and delivery drivers to pick the prescriptions up from the long-term care pharmacy and deliver them to their designated recipients.

23. Plaintiff's relationship with Scriptfleet was not intended to be temporary nor sporadic. Rather, Plaintiff worked full-time for Scriptfleet for approximately 5 months.

24. Plaintiff had to stick to a particular delivery schedule and could not come and go as he pleased. Plaintiff worked a regular schedule for Defendants 7 days a week. He worked a 10:00 p.m. route Monday and Tuesday, a 1:00 a.m. route Thursday and Friday, a 10:00 p.m. route Friday and Saturday and a 7:30 p.m. route on Sundays.

25. In order to perform his job, Plaintiff used Defendant's equipment, including a scanner and other necessary equipment.

26. Plaintiff was required to use his own vehicles for his work. He was not reimbursed for maintaining his vehicle, and was only sometimes paid a gasoline premium, which only covered a small portion of his gasoline costs.

27. Scriptfleet required the Plaintiff to wear a uniform, which he had to buy from Scriptfleet, and wear when picking up and making deliveries. Scriptfleet deducted an amount from the Plaintiff's pay for the uniforms.

28. Scriptfleet required that drivers not wear jeans or slippers, but required that drivers wear the blue company shirt buttoned up and tucked in, with black pants (no jeans) and

identification badge. The Plaintiff was required to maintain a professional appearance at all times.

29. Scriptfleet required the Plaintiff to use a specialized scanner, which the Plaintiff was required to rent from Scriptfleet. Scriptfleet deducted approximately $18 a pay period from the Plaintiff's pay for the specialized scanner.

30. Scriptfleet required the Plaintiff to maintain car insurance and occupational accident insurance, which must be obtained from Scriptfleet. Scriptfleet deducted approximately $27 a pay period from the Plaintiff's pay for the occupational accident insurance.

31. The Plaintiff's work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and the Plaintiff was integrated into the business of the Defendants.

32. The work performed by the Plaintiff required little skill. The Plaintiff's duties did not include managerial responsibilities nor did the Plaintiff exercise independent judgment. The Plaintiff was not engaged in making sales, and did not drive vehicles weighing over 10,000 pounds.

33. Defendants exerted a great deal of control over Plaintiff and his work. Defendants required Plaintiff to arrive at the pharmacy to pick up prescriptions for delivery at a certain time, that he check-in for work using his scanner 120 minutes before each route time, that he wear Scriptfleet's uniform while making deliveries, and that he work the same schedule every week.

34. In an email to drivers, Scriptfleet's Operations Manager told drivers that if they turn down a job, "you will be logged off and will not be called…" Drivers were reminded, "to log in two hours before the route, acknowledge as soon as you arrive at the pharmacy (15

minutes before your route leaves). Schedules will remain the same for three week period, no changes..."

35. Scriptfleet's violations have been willful and intentional in that it has known all along that Plaintiff worked more than forty hours per week, and the requirements of the law required that the Defendant pay the Plaintiff overtime pay, but it refused to do so.

36. Defendant has been sued on multiple occasions with similar allegations and has settled many similar claims regarding independent contractor misclassification in the past.

37. The Plaintiff, claimant number 0001135107, has chosen to opt out of a class action settlement, *Zolkos v Scriptfleet, Inc., et al.* 12 cv: 8230.

38. The Plaintiff, as part of the Class, is protected by a tolling agreement entered into by the Defendant and Class counsel. Therefore, this action was timely filed.

39. As a result of Scriptfleet's willful violations of the FLSA and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105 ("IMWL"); the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 ("IWPCL") and related regulations, 56 Ill. Admin. Code §210 and 56 Ill. Admin. Code §300 (collectively the "Illinois Wage Laws"), Plaintiff has suffered damages in that he did not receive proper compensation in accordance with the FLSA and Illinois Wage Laws.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as if they were set forth again herein.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

42. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

43. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

44. At all times relevant, Defendant has been the employer of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

45. The overtime wage provisions set forth in the FLSA. 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendant and protect Plaintiff.

46. Defendants have failed to pay Plaintiff overtime wages for hours that he worked in excess of 40 hours in a workweek.

47. Based on the foregoing, Scriptfleet's conduct in this regard was a willful violation of the Fair Labor Standards Act and entitles Plaintiff to compensation for all overtime hours worked, liquidated damages, restitution, reasonable fees and court costs.

## SECOND CAUSE OF ACTION

**820 Ill. Comp. Stat. 105/4a; 56 Ill. Admin. Code §210.400 *et seq.* – Unpaid Overtime**

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the Illinois Wage Laws. At all relevant times, Defendants employed the Plaintiff within the meaning of the Illinois Wage Laws.

50. Illinois law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per work week.

51. Plaintiff was a non-exempt employee entitled to be paid overtime compensation for all overtime hours worked.

52. Throughout the employment period, the Plaintiff regularly worked in excess of forty hours in a workweek.

53. Defendants have engaged in a widespread pattern, policy, and practice of violating the overtime provisions of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4a, and supporting IDOL regulations, 56 Ill. Admin. Code §210.400 *et seq.*, as detailed in this Complaint.

54. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs, fees and restitution, pursuant to statute and other applicable law.

### THIRD CAUSE OF ACTION

### 820 Ill. Comp. Stat. 115/9; 56 Ill. Admin. Code §300.700 *et seq.* – Unlawful Wage Deductions

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants have engaged in a widespread pattern, policy, and practice of violating 820 Ill. Comp. Stat. 115/9, as detailed in this Complaint.

57. At all times relevant, Plaintiff was an employee within the meaning of 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2 and supporting IDOL Regulations.

58. At all times relevant, Defendants have been an employer within the meaning of 820 Ill. Comp. Stat. 105/3(c) and 820 Ill. Comp. Stat. 115 and supporting IDOL Regulations.

59. The Illinois Wage Payment and Collection Act and supporting IDOL Regulations apply to Defendants and protect the Plaintiff.

60. By conduct described herein, Defendants made unlawful deductions from Plaintiff's wages in violation of 820 Ill. Comp. Stat. 115/9 and 56 Ill. Admin. Code §300.700 *et seq*. Defendants deducted wages from Plaintiff's paychecks for uniform purchases, for occupational accident insurance, and for a specialized scanner, all of which Defendants required the Plaintiff to use in the course of his work for Defendants.

61. WHEREFORE, Plaintiff claims:

   a. Overtime wages under the Fair Labor Standards Act and the Illinois Wage Laws;

   b. Liquidated damages under the Fair Labor Standards Act and the Illinois Wage Laws;

   c. Appropriate statutory penalties;

   d. Restitution;

   e. Pre-Judgment and Post-Judgment interest, as provided by law;

   f. Reasonable fees and costs under the Fair Labor Standards Act and the Illinois Wage Laws, including expert fees and costs (if any), and;

   g. Such other injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Dated: March 27, 2015

Respectfully Submitted,

*Ken Wheeler*

Kevin Wheeler
667 Turtledove Lane
New Lenox, IL 60451-8301
630.333.6295
gwheelock915@sbcglobal.net