**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KEVIN WHEELER,**<br><br>        Plaintiff,<br><br>v.<br><br>**SCRIPTFLEET, INC.,**<br><br>        Defendant. | No. 15 CV 2627<br><br>Judge Andrea R. Wood |

## INITIAL JOINT STATUS REPORT

1. Nature of the Case

    A.    Identify the attorneys of record for each party, including the lead trial attorney.

*Plaintiff, pro se:*

    Kevin Wheeler
    667 Turtledove Ln.
    New Lenox, IL 60451
    815-462-4678
    Email: gwheelock915@sbcglobal.net

*Counsel for Defendant*

    Abiman Rajadurai
    Littler Mendelson, P.C.
    321 North Clark Street
    Suite 1000
    Chicago, IL 60654
    (312) 795-3232
    Fax: (312) 275-7110
    Email: arajadurai@littler.com

B. Identify any parties that have not yet been served.

    All Parties have been served.

**C.    State the basis for federal jurisdiction.**

The Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

**D.    Nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff's claims are based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and Illinois state wage claims.

Defendant has not asserted any counterclaims.

**E.    Relief sought by the plaintiff.**

Plaintiff seeks the following damages: (a) Overtime wages under the Fair Labor Standards Act and the Illinois Wage Laws (b) liquidated damages under the Fair Labor Standards Act and the Illinois wage Laws; Appropriate statutory penalties; (d) Restitution; (e) Pre-Judgment and Post-Judgment interest, as provided by law; (f) Reasonable fees and costs under the Fair Labor Standards Act and the Illinois Wage Laws, including expert fees and costs (if any), and; (g) Such other injunctive and equitable relief as the Court may deem just and proper.

**F.    Briefly describe the major legal and factual issues in the case.**

Plaintiff alleges that he was not properly compensated by Defendants for overtime wages for work he performed for the company. Plaintiff also claims that the company improperly deducted wages from his paychecks for uniform purchases, occupational accident insurance, and for a specialized scanner.

Defendant denies Plaintiff's claims.

**2.    Case Plan**

**A.    Indicate whether there are any pending motions.**

There are no pending Motions.

**B.    State whether any defendant anticipates responding to the complaint by means of motion and, if so, the basis for the intended motion.**

No.

**C.    Proposed discovery plan**

(1)    The general type of discovery needed;

Interrogatories, document requests, fact depositions, and potential third-party discovery.

(2) Whether discovery will encompass electronically stored information (ESI) and any anticipated issues about disclosure or discovery of ESI, including the form or forms in which it should be produced

The Parties do not presently anticipate that this matter will involve any significant ESI.

(3) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.

The Parties do not presently have specific claims of privilege and/or of protection that they are raising but may seek a confidentiality order to protect any confidential information produced in discovery.

(4) The date on which Rule 26(a)(1) disclosures were made or will be made;

February 23, 2016 (Within 14 days of filing of this joint status report).

(5) The date by which the parties will complete fact discovery;

August 16, 2016

(6) Whether expert discovery is contemplated and, if so, the dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;

The Parties do not presently anticipate the need for expert discovery.

(7) What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted; and

The Parties do not presently anticipate modifying discovery limitations.

(8) The date by which the parties must file any dispositive motions.

November 16, 2016

D. **With respect to trial, provide the following information:**

(1) Plaintiff has made a jury demand.
(2) Estimated length of Trial: 2-3 days.

3.  **Settlement**

    A.  State whether any settlement discussions have occurred and describe the status of any such settlement discussions. Do not provide the particulars of any demands/offers that have been made.

    Plaintiff made a settlement demand which was rejected. Plaintiff rejected Defendant's counter offer.

    B.  State whether the parties believe that a Settlement Conference would be productive at this time.

    Yes.

4.  **Consent to Proceed Before a Magistrate Judge:**

The Parties do not presently agree to proceed before the Magistrate Judge.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/Kevin Wheeler | /s/Abiman Rajadurai |
| Kevin Wheeler, *Pro Se* Plaintiff | Abiman Rajadurai ARDC# 6308091 |
| Kevin Wheeler<br>667 Turtledove Ln.<br>New Lenox, IL 60451<br>815-462-4678<br><br>Email: gwheelock915@sbcglobal.net<br><br>Dated: February 8, 2016 | Abiman Rajadurai ARDC# 6308091<br>LITTLER MENDELSON, P.C.<br>A Professional Corporation<br>321 North Clark Street<br>Suite 1000<br>Chicago, IL 60654<br>312.372.5520<br><br>Dated: February 8, 2016 |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a copy of the foregoing **Joint Status Report** to be served electronically with the Clerk of the Court using the CM/ECF (*electronic case filing*) system, which sent notification of such filing to the below counsel of record on February 8, 2016:

**Kevin Wheeler**
667 Turtledove Lane
New Lenox, IL  60451-8301
(630) 333-6295
gwheelock915@sbcglobal.net

*/s/Abiman Rajadurai*
Abiman Rajadurai

Firmwide:138452030.1 063404.1028